UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ZAMORA MUNOZ,<br><br>                Petitioner,<br><br>        v.<br><br>RON GODWIN,<br><br>                Respondent. | No.  2:22-cv-00214-CKD<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus proceeding filed pursuant to 28 U.S.C. § 2254.  Both parties have consented to the jurisdiction of the undersigned for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1).  See ECF Nos. 8, 13.

In his habeas application, petitioner challenges his convictions from the Butte County Superior Court in three separate cases that were consolidated into a single direct appeal. Respondent has filed an answer and the time for petitioner to file a traverse has expired.  ECF No. 16.  Upon careful consideration of the record and the applicable law, the court denies petitioner's habeas corpus application for the reasons set forth below.

**I.      Factual and Procedural History**

In his first case, referred to herein as the "transfer case," petitioner was sentenced to three years of felony probation in Stanislaus County for committing an assault likely to produce great

bodily injury.[1]  ECF No. 15-14 at 2 (Direct Appeal Opinion).  His probation was transferred to Butte County.  ECF No. 15-14 at 2.

On April 3, 2019, petitioner was charged in a separate case, hereinafter referred to as the "assault case," which consisted of two counts of felony assault with a deadly weapon; criminal threats; cruelty to an animal; battery upon a peace officer; and, vandalism.  Ultimately, petitioner entered a no contest plea to felony assault with a deadly weapon, cruelty to an animal, and battery on a peace officer.  ECF No. 15-1 at 77-81 (Change of Plea Form).  The remaining counts in the assault case were dismissed.  On the same day that he entered a no contest plea to the new charges, petitioner was found in violation of the terms of his felony probation in the transfer case.  Both of these cases were continued for sentencing on the same day.

Ultimately, this sentencing hearing was continued as a result of new charges against petitioner in a third case which the court will refer to as the "weapon possession case."  On April 3, 2019, petitioner was charged with assault with a deadly weapon with a great bodily injury enhancement; battery with serious bodily injury; and, custodial possession of a weapon.  ECF No. 15-14 at 3.  In the weapon possession case, petitioner pled not guilty and was tried before a jury.  The jury convicted petitioner of custodial possession of a weapon but found him not guilty of the remaining counts.  ECF No. 15-7 at 78 (Verdict Form).  In a separate bifurcated proceeding, the jury also found true the allegation that petitioner had a prior conviction for assault with a deadly weapon based on the assault case.  ECF No.15-7 at 79.

All three cases were set for sentencing before the trial judge who had presided over the jury trial but not petitioner's no contest plea.  ECF No. 15-14 at 3.  Petitioner did not object to this sentencing procedure.  Id.  On February 20, 2020, the Butte County Superior Court terminated petitioner's probation in the transfer case and sentenced him to an aggregate 10 year prison term for all three cases.  ECF No. 15-7 at 156-157 (Felony Abstract of Judgment).

Following his sentencing, petitioner filed a direct appeal of all three cases that were

---

[1] The nomenclature identifying petitioner's three separate cases was first used by the California Court of Appeal.  For ease of reference, the court adopts these same labels when referring to each case.

2

consolidated by the California Court of Appeal.[2]  See ECF No. 15-13 (consolidation order).  Petitioner's convictions were affirmed.  The California Supreme Court denied petitioner's petition for review on June 23, 2021.  ECF No. 15-15 at 1.

A recitation of the facts of the underlying crimes is not necessary in this case as all of petitioner's claims involve procedural questions.  Therefore, the court deems it sufficient to say that, at this juncture, the state court's factual findings are entitled to a presumption of correctness which have not been rebutted by petitioner.  See 28 U.S.C. § 2254(e)(1).

## II.     Federal Habeas Petition

Petitioner raises eight claims for relief in his 28 U.S.C. § 2254 petition, but many of them state the same claim in different ways.  In his first claim for relief, petitioner alleges that his rights under California v. Arbuckle, 22 Cal. 3d 749 (1978), were violated because he was sentenced without his consent by a different judge than the one who took his plea.  Next, he argues that this claim is not subject to forfeiture based on his failure to object to it at sentencing.  For purposes of analysis, the court will merge these two claims into a single argument that he was improperly sentenced by a different judge than the one who accepted his no contest plea.

In his third claim for relief, petitioner contends that "[r]eview is necessary because there is a split of authority as to whether a wobbler offense may be used as a prior strike where the defendant was not sentenced on the wobbler offense at the time of committing the new offense."[3]  ECF No. 1 at 12.

In claims four through eight, petitioner challenges the trial court's failure to instruct the jury with a unanimity instruction regarding the charge of custodial possession of a weapon.  Petitioner asserts that this violated his constitutional right to due process as well as his right to a unanimous jury verdict under the Sixth and Fourteenth Amendments.  Regarding the harmless

---

[2] Petitioner was denied a certificate of probable cause with respect to his appeal of his no contest plea in the assault case.  ECF No. 15-1 at 220.

[3] A "wobbler" offense in California is one that is punishable as a misdemeanor or a felony.  See California v. Park, 56 Cal.4th 782, 789 (2013) (defining a wobbler offense).

3

error standard that applies to this claim, petitioner alternatively contends that both the Chapman[4] and Watson[5] standards of review entitle him to relief.

### III. AEDPA Standard of Review

To be entitled to federal habeas corpus relief, petitioner must affirmatively establish that the state court decision resolving the claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538

---

[4] Chapman v. California, 386 U.S. 18, 24 (1967).

[5] California v. Watson, 46 Cal.2d 818, 836 (1956).

4

U.S. 63, 71-72 (2003).  Clearly established federal law also includes "the legal principles and standards flowing from precedent."  Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)).  Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law.  Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

Relief is also available under the AEDPA where the state court predicates its adjudication of a claim on an unreasonable factual determination.  28 U.S.C. § 2254(d)(2).  The statute explicitly limits this inquiry to the evidence that was before the state court.  See also Cullen v. Pinholster, 563 U.S. 170 (2011).  Under § 2254(d)(2), factual findings of a state court are presumed to be correct subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court factual determination.  A petitioner must show clearly and convincingly that the factual determination is unreasonable.  See Rice v. Collins, 546 U.S. 333, 338 (2006).  If petitioner meets either of the 28 U.S.C. § 2254(d) standards, then the federal habeas court reviews the merits of the constitutional claim under pre-AEDPA standards in order to be entitled to relief.  Frantz v. Hazey, 533 F.3d 724 (9th Cir. 2008) (en banc).

**IV.   Analysis**

   **A. Claims One Through Three**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S. 1, 5 (2010);

/////

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Petitioner's first three claims for relief involving a violation of the Arbuckle decision and a challenge to his "wobbler" offense that was used as a strike prior at sentencing, are all issues of state law that are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (emphasizing that "[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Simply put, this court is not responsible for enforcing state sentencing procedure involving which judge imposes judgment or what prior convictions count as strikes as a matter of state law. See Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (emphasizing that it is not the federal courts role to determine whether California applied its state laws and regulations correctly). Petitioner's claims are solely based on the application of state sentencing laws and are therefore not cognizable in this federal habeas action. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (declining to address whether assault with a deadly weapon qualifies as a "serious felony" under California's sentence enhancement provisions because it is a question of state sentencing law, for which habeas relief is unavailable). Therefore, the court denies all three claims because they do not raise any federal constitutional issue. These claims are nothing more than asserted violations of state law. See ECF Nos. 15-3 at 11-15, 15-10 at 31-36 (Appellant's Opening Briefs relying only on state law).

To the extent that petitioner attempts to transform his Arbuckle claim into a federal due process violation based on the breach of an implied term of his plea agreement, this claim also fails. See ECF No. 15-3 at 16-17 (Appellant's Opening Brief). Merely placing a due process label on the claim does not transform it into a federal constitutional violation. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A petitioner] may not ... transform a state-law issue into a federal one merely by asserting a violation of due process."). Moreover, the only clearly established federal law that petitioner cites in support of his due process challenge is Boykin v. Alabama, 395 U.S. 238 (1969). In Boykin, the Supreme Court held that a defendant must voluntarily and intelligently waive his constitutional rights when entering a guilty plea and that a

waiver of such rights cannot be assumed from a silent record. Boykin, 395 U.S. at 242-44. Based on the court's independent research, the voluntary and intelligent plea waiver commands of Boykin have never been applied to implicit terms of a plea agreement that are not reduced to writing. Nor is there any federal constitutional right to choose one's sentencing judge after pleading guilty. Therefore, even on the merits, this court cannot say that the state court decision rejecting petitioner's Arbuckle challenge was contrary to or an unreasonable application of the clearly established federal law articulated in Boykin. Petitioner is not entitled to federal habeas corpus relief on his claim of Arbuckle error.

### B. Claims Four Through Eight

On appeal, petitioner asserted that the lack of a unanimity instruction was prejudicial because "some jurors could have found the evidence only supported a conviction by relying on the act of Munoz's possession of the baton on March 12, 2019, while other jurors could have found the evidence only supported a conviction by relying on the act of Munoz's manufacturing the baton on March 27, 2019…." ECF No. 15-10 at 29 (AOB).

#### 1. Clearly Established Federal Law

The Sixth Amendment jury trial guarantee, as applied to state trials through the Fourteenth Amendment, requires all verdicts to be unanimous. See Ramos v. Louisiana, 140 S. Ct. 1390 (2020) (reversing nonunanimous state court conviction as a violation of the Sixth and Fourteenth Amendments).

#### 2. Last Reasoned State Court Opinion

In this case, petitioner raised this challenge in state court on direct appeal. The California Court of Appeal denied this claim in a reasoned decision. Therefore, this court "looks through" the subsequent silent denial by the California Supreme Court and reviews the California Court of Appeal's decision for objective reasonableness under 28 U.S.C. § 2254(d). See Johnson v. Williams, 568 U.S. 289, 297 n. 1 (2013); Gill v. Ayers, 342 F.3d 911, 917 n. 5 (9th Cir. 2003) (explaining that federal courts "look through" unexplained rulings of higher state courts to the last reasoned decision).

/////

The California Court of Appeal reasoned as follows:

> The jury must unanimously agree that a defendant is guilty of a specific crime. (Citation omitted). "Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act. [Citations.] [¶] This requirement of unanimity as to the criminal act 'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.' [Citation.]" (Ibid.) To ensure juror unanimity, a prosecutor may use an opening statement or closing argument to elect a specific instance of the charged offense. (Citations omitted). If the prosecutor does not make an election, the court has a sua sponte duty to instruct on unanimity. (Citation omitted).
>
> Here, the information alleged the complained-of custodial possession of a weapon occurred "[o]n or about March 12, 2019." At trial, the People presented testimony that an inmate-constructed baton was found on defendant's bunk hidden below his clothing on March 12, 2019, following defendant's fight with his cellmate. Defendant conceded in his own testimony that the baton was his; he only quarreled over its intended use. The People also presented testimony that during a subsequent search of defendant's cell on March 27, 2019, authorities discovered what were "the possible beginnings of another baton with tightly wound paper," which was destroyed by authorities during the investigative process.
>
> Thereafter, the court instructed the jury in regard to the baton possession crime, in pertinent part, that "[i]t is alleged that the crime occurred on March 12, 2019. The People are not required to prove that the crime took place exactly on that day but only that it happened reasonably close to that day." "The defendant is charged with possessing a weapon, specifically a baton, while in a penal institution. To prove that the defendant is guilty of this crime, the People must prove that: [¶] One, the defendant was present at or confined in a penal institution. [¶] Two, the defendant possessed or had under his control or manufactured a baton. [¶] Three, the defendant knew that he possessed or had under his control or manufactured a baton. [¶] And four, the defendant knew that the object was a baton. [¶] A penal institution is a county jail. In Count 3, the People do not have to prove that the defendant used or intended to use the object as a weapon. A person does not have to actually hold or touch something to possess it. It is enough if the person knowingly has control over it or the right to control it, either personally or through another person. Two or more people may possess something at the same time."
>
> Consistent with the information and the court's instructions, the People argued in closing that count 3 had been established by evidence that defendant was housed in jail and had a baton hidden under clothes on his bunk. They continued: "Then on March 27th when the deputies go into the defendant's cell, he, again, is starting to build the same exact weapon. [¶] That's circumstantial evidence, ladies and gentlemen, *that he possessed the weapon on March 12th*.

> It was on his bunk under his control. He knew that he possessed it, and he told us he had it. That's really not the issue. And that he knew the object was a baton." (Italics added.) The remainder of argument by the parties focused on the fight that occurred on March 12, 2019, and whether defendant had acted in self-defense.
>
> Assuming for argument's sake that the People's evidence that authorities discovered what might have been the beginnings of a baton in defendant's cell on March 27 could qualify as a weapon for purposes of a violation of section 4502, subdivision (a), it is clear that the People elected through the information, instruction, and closing argument to charge that the possession at issue took place on or about March 12, 2019.
>
> Finding no ambiguity about the offense for which defendant was tried, we conclude that he has not established the trial court erred in failing to sua sponte instruct the jury on unanimity. (Citations omitted).

ECF No. 15-14 at 4-6.

**2. 28 U.S.C. § 2254(d) Analysis**

Petitioner does not explain, much less prove, how the California Court of Appeal's harmless error analysis was objectively unreasonable under 28 U.S.C. § 2254(d) to be entitled to federal habeas relief. The state court found any error to be harmless, regardless of which standard of review applied on direct appeal. This court cannot find that fairminded jurists would disagree with the California Court of Appeal's conclusion that the lack of a unanimity instruction was harmless for several reasons. First, the prosecutor specifically described the weapon during closing argument as the baton that was introduced into evidence which the jury heard a deputy bang onto the witness stand. ECF No. 15-9 at 42-43, 45. Only a photograph of the baton confiscated on March 27th was admitted into evidence because it had been discarded. See ECF No. 15-8 at 174-75 (testimony describing the "beginnings of another baton with tightly wound paper" that was photographed and then discarded in the trash on March 27th). Therefore, there was no fair possibility of confusion by the jury as to which baton formed the basis of the custodial weapons possession charge. The trial court was under no obligation to give a unanimity instruction to the jury on this charge because the prosecutor clearly identified which baton formed the basis for the charge. Secondly, the jury was generally instructed that the "verdict on each count and any special findings must be unanimous. This means that to return a verdict, all of you

must agree to it." ECF No. 15-9 at 63-64.  Based on this factual record, this court agrees that any error in failing to provide a unanimity instruction on the custodial weapons possession charge was harmless.

Moreover, petitioner's burden is "especially heavy," because "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  Henderson v. Kibbe, 431 U.S. 145, 155 (1977); see Villafuerte v. Stewart, 111 F.3d 616, 624 (9th Cir. 1997) (same).  Petitioner has failed to meet this heavy burden.  For all these reasons, the court denies claims four through eight because the California Court of Appeal decision was contrary to nor an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for federal habeas corpus relief (ECF No. 1) is denied on the merits.

2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253 as petitioner has not demonstrated that jurists of reason would find the denial of relief in this case debatable.

3. The Clerk of Court is directed to close this case.

Dated:  June 6, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/muno0214.final.order

10